PER CURIAM.
The claimant appeals a workers’ compensation order alleging the deputy commissioner erred in using wages of a similar employee in determining claimant’s average weekly wage. We agree and reverse.
The claimant, who owned and operated his own janitorial service, injured his left shoulder while running a floor buffer on February 5, 1976, and suffered a 10% permanent physical impairment of the body as a whole.
In his application for hearing, the claimant alleged he was entitled to an increase in the compensation already paid and additional permanent disability because of a loss of wage earning capacity, in excess of the physical impairment rating. The deputy ruled that claimant had not suffered a diminution of wage-earning capacity in excess of 10% and denied claimant’s claim for additional current disability. That ruling is not contested.
As to claimant’s average weekly wage, Florida Statute § 440.14(1) (1975), the statute in effect at the time of the injury, read:
If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said thirteen weeks.
Moreover, an examination of Florida Statute § 440.14(2) (1975) indicates it read as follows:
If the injured employee shall not have worked in such employment during substantially the whole of thirteen weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination under the preceding subsection.
In the instant case, testimony is present that claimant had been employed in his own janitorial service for some 80 weeks before the accident. Therefore, it was improper for the deputy to use the wages of a similar employee to determine claimant’s average weekly wage.
Florida Statute § 440.14(4) (1975) read:
If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used, except as otherwise provided in subsection (5) or (6).
In this case, neither Florida Statute § 440.-14(3), (5), or (6), is applicable. An examina *306 tion of the record indicates that claimant’s business was a small operation, with the record providing sufficient evidence for the deputy to determine claimant’s average weekly wage.
Accordingly, the order below is REVERSED and this cause REMANDED for a proper determination of claimant’s average weekly wage under Florida Statute § 440.-14(1) or Florida Statute § 440.14(4).
McCORD, SHIVERS and JOANOS, JJ., concur.